UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
IN RE: APPLICATION OF INVEST BANK PSC   :
FOR AN ORDER PURSUANT TO                                    MEMORANDUM ORDER
28 U.S.C. § 1782 TO CONDUCT DISCOVERY    :                  21 Misc. 760 (GHW) (GWG)
FOR USE IN FOREIGN PROCEEDINGS
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

    Invest Bank PSC ("Invest Bank") applies pursuant to 28 U.S.C. § 1782 for an order authorizing Invest Bank to issue and serve subpoenas duces tecum on 17 banks.[1] Invest Bank intends to use the evidence called for by the subpoenas to make new claims in a pending — albeit temporarily stayed — civil proceeding in the Abu Dhabi Court (Commercial) of the United Arab Emirates ("UAE"). See Mem. at 1-3. In that proceeding, Invest Bank seeks repayment of a debt and contemplates the assertion of additional claims for breach of contract, "acts causing harm," and "unjust enrichment/unjust expropriation." Hutchison Decl. ¶ 3. Invest Bank's proposed subpoenas seek "evidence of wire transfers routed through the [r]espondents in New York City" to reveal the existence and nature of suspected transactions that involved the UAE defendants, or entities or individuals associated therewith, and that occurred in breach of the UAE defendants' credit agreement with Invest Bank or were designed to conceal or misappropriate assets to avoid repaying the debt. See Hutchison Decl. ¶ 53, 58. Separately, Invest Bank seeks "limited records relating to [UAE defendant Fadi Atef Ajjaoui's] banking relationship with Bank of America . . . ." Id. ¶ 58.

    "In ruling on an application made pursuant to section 1782, a district court must first consider the statutory requirements and then use its discretion in balancing a number of factors." Brandi-Dohrn v. IKB Deutsche Industriebank AG, 673 F.3d 76, 80 (2d Cir. 2012). Under section 1782(a), an application for discovery may be granted where: "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." Id.; accord 28 U.S.C. § 1782(a).

---

[1] Ex Parte Application for Discovery, filed Oct. 5, 2021 (Docket # 1) ("App."). Declaration of Keith Hutchison, filed Oct. 5, 2021 (Docket # 2) ("Hutchison Decl."); Declaration of Berenice Le Diascorn, filed Oct. 5, 2021 (Docket # 3) ("Le Diascorn Decl."); Memorandum of Law in Support of Motion for Discovery, filed Oct. 5, 2021 (Docket # 4) ("Mem.").

    The 17 banks are Citibank, N.A.; The Bank of New York Mellon; Societe Generale, New York Branch; HSBC Bank USA, N.A.; BNP Paribas USA; JPMorgan Chase Bank, N.A.; Barclays Bank PLC; Deutsche Bank Trust Co. Americas; The Bank of Nova Scotia; UBS AG; Bank of America, N.A.; Standard Charted Bank; Commerzbank AG, New York Branch; Bank of China, New York Branch; Wells Fargo Bank, N.A.; and Mashreqbank PSC. See App. at 1.

Each of section 1782(a)'s requirements is met here. Invest Bank has provided evidence that each respondent bank maintains an office (in many cases, its corporate headquarters) and does business (including correspondent and intermediary banking) in the Southern District of New York. See Le Diascorn Decl. ¶¶ 9-25. The requested discovery is for use in a civil proceeding in a foreign tribunal: namely, the Abu Dhabi Court (Commercial) of the UAE. Mem. at 2-3, 11-12; Docket # 2-6 (Commercial Claim Form filed in Abu Dhabi Court (Commercial)).[2] And the application is made by a litigant in that proceeding, Invest Bank, which is obviously a party "interested" in the underlying proceeding. See Hutchison Decl. ¶¶ 3, 15-20; Certain Funds, Accounts and/or Inv. Vehicles v. KPMG, L.L.P., 798 F.3d 113, 119 (2d Cir. 2015) (term "interested person" includes, among others, litigants).

Once section 1782(a)'s requirements are met, "a district court is free to grant discovery in its discretion." In re Application for an Order Permitting Metallgesellschaft AG to take Discovery, 121 F.3d 77, 78 (2d Cir. 1997) (internal citation omitted). The Supreme Court has articulated four factors that courts may consider in exercising that discretion: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." Intel Corp., 542 U.S. at 264-65; accord In re Doosan Heavy Indus. & Constr. Co., Ltd., 2020 WL 1864903, at *1 (E.D.N.Y. Apr. 14, 2020).

On the current record, each of the discretionary factors weighs in favor of granting the application. First, none of the respondent banks is a party to the underlying proceeding in the Abu Dhabi Court (Commercial) of the UAE. See Mem. at 13. Second, Invest Bank has produced evidence that the Abu Dhabi Court (Commercial) of the UAE would be receptive to materials produced pursuant to his application. See id.; Hutchison Decl. ¶¶ 57, 65-66; Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1100 (2d Cir. 1995) ("[A] district court's inquiry into the discoverability of requested materials should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782."). Third, Invest Bank does not appear to be attempting to circumvent foreign evidentiary restrictions; rather, it appears to be attempting to obtain "relevant information that the [foreign] tribunal[] may find useful but, for reasons having no bearing on international comity, . . . cannot obtain under [its] own laws." Intel Corp., 542 U.S. at 262. Fourth, the limited discovery sought by Invest Bank, relating to wire transactions, see Mem. at 13-14, appears to be neither burdensome nor unduly intrusive.

Because the respondent banks will have the opportunity to challenge Invest Bank's subpoena once served (including but not limited to a challenge as to whether section 1782 assistance should be afforded at all), we find it appropriate to grant the application ex parte. See Gushlak v. Gushlak, 486 F. App'x 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 ex parte.").

---

[2] Although Invest Bank has not yet interposed the specific claims for which the evidence is sought, section 1782 is applicable to claims that are "within reasonable contemplation" at the time the discovery is sought. Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 259 (2004),

Accordingly, Invest Bank's application to serve the subpoenas is granted. Invest Bank may serve the subpoenas duces tecum in the form annexed to the "Ex Parte Application for Discovery," providing a return date of at least 30 days. All proceedings in relation to those subpoenas shall be in accordance with the Federal Rules of Civil Procedure. Any dispute regarding the subpoenas may be presented to the Court in accordance with the Court's Individual Practices.

The subpoena recipients are ordered to preserve all relevant and potentially relevant evidence in their possession, custody or control until such time as Invest Bank communicates to them that the preservation is no longer necessary or until further order of this Court.

Finally, case law suggests that the applicant must ordinarily provide any adverse party in the foreign proceeding with notice of service of the subpoena. See In re Hornbeam Corp., 2015 WL 13647606, at *5 (S.D.N.Y. Sept. 17, 2015), aff'd, 722 F. App'x 7 (2d Cir. 2018). Invest Bank seeks to be relieved of this requirement on the ground that such notice would provide the defendants in the UAE proceeding (Seidco General Contracting Company LLC, Fadi Atef Ajjaoui, and Saif Ali Al Dhabea Al Darmaki, see Hutchison Decl. ¶ 3) with "the opportunity to potentially conceal or destroy evidence that could be used by Applicant in the Pending Proceeding and/or further divert their assets." Mem. at 16. Invest Bank also claims that such notice would "delay Applicant's full understanding of their movement of assets and discovery of the identity of other entities or individuals that may have assisted them in carrying out their scheme." Id.; accord Hutchison Decl. ¶¶ 59-62. The Court does not follow the logic of this argument. Certainly, the UAE defendants are already aware that they are being sued by the applicant. While they may not be aware of the claims Invest Bank intends to bring regarding their efforts to engage in allegedly fraudulent transactions, there is no evidence offered suggesting that the UAE defendants would have any ability to "conceal or destroy" the bank records sought by the subpoena. Moreover, the instant application has been filed in a publicly-available docket. Accordingly, Invest Bank is directed to provide notice to the UAE defendants of the issuance of the subpoenas by means of a postal mail or email address for which there is evidence that the mail or email will likely reach them.

SO ORDERED.

Dated: October 15, 2021
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge